CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 03 2013

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00018-1 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| IRA LINELL MARTIN, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Ira Linell Martin, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the motion as time barred.

I.

I entered petitioner's criminal judgment on June 16, 2009, sentencing petitioner to, inter alia, 168 months' incarceration after petitioner pleaded guilty to distributing five grams of crack cocaine.[1] Petitioner did not appeal the judgment.[2]

Petitioner executed the instant § 2255 motion on July 27, 2012. Petitioner argues that a prior North Carolina state-court conviction may no longer be used to label him a "career offender" for sentencing purposes as a result of Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577, 2586-87 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner asks me to resentence him without the career offender enhancement.

---

[1] Petitioner pleaded guilty pursuant to a written plea agreement, by which petitioner agreed to waive the right to collaterally attack the judgment or sentence.
[2] Petitioner previously filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c), that I denied because petitioner was considered a "career offender," per the United States Sentencing Guidelines, when I sentenced him.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final on June 30, 2009, when the time expired for petitioner to appeal the original judgment. See Fed. R. App. P. 4(b)(1)(A)(i) (2009) (permitting a defendant ten days to appeal a criminal judgment from a district court to a court of appeals); Fed. R. Crim. P. 45(a) (excluding excluding intermediate Saturdays, Sundays, and legal holidays from computation of filing deadlines when the period is less than 11 days); United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Therefore, for purposes of § 2255(f)(1), petitioner had until June 30, 2010, to timely file a § 2255 motion, but he did not properly file the instant motion until July 2012. See Rule 3(d), R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

2

Petitioner argues that instant motion should be considered timely filed pursuant to § 2255(f)(3), which starts the limitations period on the date the Supreme Court of the United States initially recognized a right that retroactively applies to § 2255 proceedings. However, the Fourth Circuit Court of Appeal's decision in Simmons does not apply to § 2254(f)(3), and Carachuri-Rosendo does not retroactively apply to § 2255 proceedings.[3] See United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) (holding that Carachuri-Rosendo does not retroactively apply to § 2255 proceedings).

Petitioner alternatively argues that § 2255(f)(2) should apply because "the Fourth Circuit did not follow the initial vacate and remand order of the Supreme Court in October of 2010 and thus foreclosed the one year § 2255(f)(3) filing period from Carachuri." This argument is meritless as petitioner cannot identify what relevant governmental action violated the Constitution or laws of the United States. Accordingly, petitioner filed his motion beyond the one-year limitations period in § 2255(f).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

---

[3] Even if it retroactively applied, petitioner did not file the § 2255 motion within one year of June 14, 2010, when the Supreme Court issued Carachuri-Rosendo.

3

I do not find any extraordinary circumstance in the record that prevented petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Petitioner fails to establish that gross injustice results from enforcing the statute of limitations after petitioner pleaded guilty pursuant to a written plea agreement that contained a waiver of the right to collaterally attack the judgment. "[T]he possibility of a favorable change in the law [like in Simmons and Carachuri-Rosendo] after a plea is simply one of the risks that accompanies pleas and plea agreements." United States v. Oladimeji, 463 F.3d 152, 155-56 (2d Cir. 2006) (internal quotation marks omitted). See United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008) (finding that legal developments favorable to the defendant do not constitute grounds for finding a waiver of appeal or collateral attack rights to be unenforceable merely because they occurred after the plea agreement); United States v. Oliver, 280 F. App'x 256, 257 (4th Cir. 2008) (declining to review a denial of a downward departure based on the sentencing disparity despite a subsequent change in law). Furthermore, "[t]here is no authority in this Circuit or from the Supreme Court that supports [p]etitioner's contention that actual innocence constitutes grounds for equitable tolling of the one-year [limitations period]." Harrison v. United States, No. 3:08-cr-207, 2011 U.S. Dist. LEXIS 114697, at *8 (W.D.N.C. Oct. 4, 2011) (collecting cases from other circuits holding actual innocence does not relieve a petitioner from the statute of limitations). Accordingly, I find

4

that petitioner filed his § 2255 motion beyond the one-year limitations period, petitioner is not entitled to equitable tolling, and the petition must be dismissed.[4]

### III.

For the foregoing reasons, the United States' motion to dismiss is granted and petitioner's 28 U.S.C. § 2255 motion is dismissed. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

ENTER: This 3rd day of Jan., 2013.

Senior United States District Judge

---

[4] I lack jurisdiction to act on petitioner's alternative request to vacate the conviction via 28 U.S.C. § 2241 because neither petitioner nor his custodian is within the Western District of Virginia. See 28 U.S.C. § 2241(a) (permitting district judges to issue writs of habeas corpus only within their respective jurisdictions); Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004) (discussing the relationship between a writ of habeas corpus and a prisoner's custodian). Even if I had jurisdiction, petitioner may not use § 2241 to challenge a sentence. United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). See Darden v. United States, 426 F. App'x 173, 174 (4th Cir. 2011) (declining to allow a prisoner to challenge a career offender enhancement via § 2241). Finally, petitioner may not proceed via 28 U.S.C. § 1651(a), which permits federal courts to issue necessary writs in support of their jurisdiction. Relief via § 1651(a) is available only if a remedy is not available via another statute. See Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985) (recognizing the All Writs Act [28 U.S.C. § 1651] is a "residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); United States v. Folak, 865 F.2d 110, 113 (7th Cir. 1988) (noting that a petition for a writ under § 1651 and a motion to vacate under § 2255 are not interchangeable although they provide different means to attack a criminal conviction). Because petitioner was in custody when he collaterally attacked the sentence via § 2255, he may not convert his challenge into a petition for a writ pursuant to § 1651(a). See, e.g., United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) ("[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.") (internal quotation marks omitted); United States v. Hatten, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (noting the writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction). Accordingly, petitioner may not challenge his sentence via § 2241 or § 1651.

5